**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.  15-30458 (AMN) |
|     WILLIAM ANDERSON, | : | Chapter 7 |
|         *Debtor* | : | |
| | : | |
|     BARBARA KATZ, TRUSTEE, | : | Adv. Pro. No. 17-03008 (AMN) |
|         *Plaintiff* | : | |
| v. | : | |
|     WILLIAM ANDERSON and | : | |
|     MARY ANN ANDERSON. | : | |
|         *Defendant* | : | |
| | : | Re:  AP-ECF Nos. 211, 212, 217 |

**MEMORANDUM OF DECISION AND ORDER SUSTAINING**
**IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTION**
**TO EXHIBITS PURSUANT TO FED. R. EVID. 802 AND FED. R. EVID. 901**

On April 5, 2022, the court held a Pre-Trial Conference in this adversary proceeding[1] hearing oral argument for defendant Mary Ann Anderson's ("Mary Ann") motion for summary judgment and her objection to the admissibility of certain exhibits filed by plaintiff, Barbara Katz, Chapter 7 Trustee in opposition to summary judgment. AP-ECF Nos. 203, 211, 212, 217.  This decision addresses only the objection to the admissibility of exhibits submitted in opposition to the summary judgment motion.

The exhibits summarized in the following table were not opposed and therefore will be considered for purposes of evaluating the pending summary judgment motion.

---

[1] A continued Pre-Trial Conference was held at the same time for another pending adversary proceeding, *The Cadle Company v. William Anderson*, Case No. 16-03033, also filed within the main Chapter 7 case here.  However, in that adversary proceeding defendant William Anderson's counsel failed to appear.  In both this adversary proceeding and Case No. 16-03033 the plaintiffs are represented by the same counsel.

| UNOPPOSED EXHIBITS TO BE CONSIDERED AT SUMMARY JUDGMENT | | |
|---|---|---|
| **AP-ECF Number** | **Exhibit No.** | **Document** |
| 211-2, p. 108-133 | Ex. 1A | Application for arrest warrant, dated March 27, 1996. |
| 211-2, p. 139-141 | Ex. 1E | 2001 driver's license for Debtor William Anderson |
| 211-2, p. 142-144 | Ex. 1F | 2007 driver's license for Debtor William Anderson |
| 211-2, p. 153-156 | Ex. 1H | Last Will and Testament for Mary Ann Anderson |
| 211-2, p. 157-184 | Ex. 2A | Bankruptcy petition & schedules for Mary Ann Anderson (4/13/2000) |
| 211-2, p. 185-210 | Ex. 2B | Bankruptcy petition & schedules for Mary Ann Anderson (6/22/2000) |
| 211-2, p. 265-272 | Ex. 5A | Excerpts of depositions transcript for Mary Ann Anderson (3/18/2015) |
| 211-2, p. 273-356 | Ex. 12A | Bankruptcy petition & schedules for Williams Anderson, Jr., (2/15/2016). |

The plaintiff withdrew the exhibits summarized in the following table from her opposition to the summary judgment motion.

| WITHDRAWN EXHIBITS | | |
|---|---|---|
| **AP-ECF Number** | **Exhibit** | **Document** |
| 211-2, p. 211-216 | Ex. 2C | Obituary |
| 211-2, p. 254-260 | Ex. 3D | Newspaper Article |
| 211-2, p. 261-264 | Ex. 3E | Newspaper Article |

Mary Ann objected to the exhibits summarized in the following table being considered at the summary judgment stage pursuant to Fed.R.Civ.P. 56(c)(2), on the basis that the proffered documents are each unauthenticated, or contain inadmissible hearsay, or both. Fed.R.Civ.P. 56(c)(2); Fed. R. Evid. 802, 901.

| DISPUTED EXHIBITS | | | |
|---|---|---|---|
| **AP-ECF Numbers** | **Exhibit** | **Document** | **Basis for Objection to Admissibility** |
| 212-2, p. 101-103 | Ex. 1B | Credit Application | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2. p. 104-110 | Ex. 1C | Ambulance Records | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 111-124 | Ex. 1D | Hospital Records | Fed. R. Evid. 802 |
| 212-2, p. 131-138 | Ex. 1G | Insurance Records | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 193-195 | Ex. 2D | Coversheet/Form | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 211-2, p. 220-228 | Ex. 2E | Transcript | Fed. R. Evid. 802 |
| 211-2, p. 229-249 | Ex. 3A | Transcript | Fed. R. Evid. 802 |
| 212-2, p. 196-197 | Ex. 3B | Check | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 198-199 | Ex. 3C | Check | Fed. R. Evid. 802 and Fed. R. Evid. 901 |

| 211-2, p. 357-359 <br> AP-ECF No. 217. | Ex. 15A | Sales Tax Cert. | Fed. R. Evid. 802 and Fed. R. Evid. 901 |

## Applicable Law and Principles of Evidence

### Admissible Evidence for Purposes of Summary Judgment

"In ruling on a motion for summary judgment, the [trial] court may rely on any material that would be admissible or usable at trial." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008) (citation and quotation marks omitted). "[H]earsay that would not be admissible at trial is likewise not competent evidence on a motion for summary judgment[.]" *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 259 n.9 (E.D.N.Y. 2009), aff'd, 371 F. App'x 115 (2d Cir. 2010).

Pursuant to Rule 56, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(a)(2). The advisory committee notes to Rule 56 further explain that "the objection functions much as an objection at trial, adjusted for the pretrial setting[.]" *Tzanetis v. Weinstein & Riley, P.S.*, No. 3:09CV00413(DJS), 2010 WL 3925250, at *1 (D. Conn. Sept. 28, 2010) (citation and quotation marks omitted). Here, plaintiff "bears the burden of establishing the admissibility of evidence on which [ ]he seeks to rely in opposing summary judgment." *Batoh v. McNeil-PPC, Inc.*, 167 F. Supp. 3d 296, 309 (D. Conn. 2016); *see also Tzanetis*, 2010 WL 3925250, at *1 ("[T]he burden is on the proponent [of the evidence] to show that the material is admissible as presented or to explain the admissible form that is anticipated." (citation and quotation marks omitted)).

### Authenticity

Rule 901 of the Federal Rules of Evidence governs the authentication of evidence and provides, in pertinent part, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to

3

support a finding that the item is what the proponent claims it is." Fed.R.Evid. 901(a); *United States v. Tin Yat Chin,* 371 F.3d 31, 38 (2d Cir.2004). "This requirement is satisfied if sufficient proof has been introduced so that a reasonable [factfinder] could find in favor of authenticity or identification." *United States. v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014)(quoting *United States v. Pluta,* 176 F.3d 43,49 (2d Cir.1999)) (internal quotation marks omitted). "The requirement of authentication is ... a condition precedent to admitting evidence." *Vayner,* 769 F.3d at 129.

The "proof of authentication may be direct or circumstantial." *United States v. Al–Moayad,* 545 F.3d 139, 172 (2d Cir.2008). Rule 901 provides several examples of proper authentication techniques in different contexts, and the advisory committee's note states these are, "not intended as an exclusive enumeration of allowable methods but are meant to guide and suggest, leaving room for growth and development in this area of the law." *Vayner*, 769 F.3d at 129 (quoting Fed.R.Evid. 901(b) advisory committee's note to Subdivision (b)). A document may be authenticated based on its "appearance, content, substance, internal patterns, or other distinctive characteristics…," taken with other circumstances. *Vayner,* 769 F.3d at 130 (quoting Fed. R. Evid. 901(b)(4)).

Unauthenticated documents cannot be considered in determining a motion for summary judgment. *Richardson v. Correctional Medical Care, Inc.*, 2021 WL 6775905, *3-4 (N.D.N.Y. Jan. 14, 2021) (citing *Silman v. Utica Coll.*, 2016 WL 4275721, *5 (N.D.N.Y. Aug. 12, 2016)). Each document "must be authenticated by and attached to an [affidavit] that meets the requirements of [Rule] 56(e) and the [affiant] must be a person through whom the exhibit[] could be admitted into evidence." *Silman,* 2016 WL 4275721 at 5 (quoting *Canada v. Blain's Helicopter, Inc.*, 831 F.2d 920, 925 (9th Cir.

4

1987)); *see e.g.*, *King v. Town of Wallkill,* 302 F.Supp.2d 279, 299 (S.D.N.Y.2004) (refusing to consider unsworn letter offered in opposition to motion for summary judgment); *see also Capobianco v. City of New York,* 422 F.3d 47, 55 (2d Cir.2005) ("As a general matter, it is correct that unsworn letters from physicians generally are inadmissible hearsay that are an insufficient basis for opposing a motion for summary judgment.").

## Hearsay

The Federal Rules of Evidence define hearsay as, "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2); *see also Camera v. Freston*, 2022 WL 557569, *2 (D. Conn. Feb. 24, 2022). Hearsay is not admissible unless a federal statute or a rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 802; *see also United States v. Carneglia*, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) ("Any statement that is made by a declarant not testifying at trial, offered in evidence to prove the truth of the matter asserted, is excluded as hearsay absent applicability of one of the hearsay exceptions provided in the Federal Rules of Evidence or a relevant statute.").

## Hearsay Exceptions for Medical Records and Business Records Normally Kept

Two exceptions are relevant when considering the introduction of medical records or business records: the exception for medical records, as expressed in Rule 803(4); and, the exception for records kept in the normal course of business, as expressed in Rule 803(6). Generally, medical records "can be admissible under [Rule] 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated...." *Scoma v.*

*City of New York*, 2021 WL 1784385, *14 (E.D.N.Y. May 4, 2021) (quoting *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 501 (S.D.N.Y. 2013); *see e.g., United States v. Sackett*, 598 F.2d 739 (2d Cir.1979) (holding that hospital records as admissible if they "were kept in the course of the regularly conducted business activity of the hospital.").

Rule 803(4) permits introduction of a statement, otherwise hearsay, that, "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). As with Rule 803(4), the introducing party must lay a foundation to introduce hearsay evidence under Rule 803(6). Unlike Rule 803(4), however, Rule 803(6) requires this foundation be laid by a "custodian" or "qualified witness," if testimonial, or by a formal certification by the record's custodian. *Duchnowskl v. County of Nassau*, 416 F.Supp,3d 170, 182-83 (E.D.N.Y. 2018); *see, e.g., Sanders v. Ritz–Carlton Hotel Co., LLC*, 2008 WL 4155635, *2 (S.D.N.Y. Sept. 9, 2008) ("Presuming such foundation is established, the hospital records may be admissible under the business records exception to the hearsay rule.").

### Hearsay Exception for Prior Testimony

Rule 804(b)(1) of the Federal Rules of Evidence excepts prior testimony given by an unavailable witness from the hearsay rule if the party against whom the testimony is now offered had "an opportunity and similar motive to develop [the testimony] by direct, cross-, or redirect examination." Fed.R.Evid. 804(b)(1)(B); *see also GEICO Indemnity Co. v. Dionisio*, 2016 WL 74390, *6 (D. Conn. Jan. 6, 2016); *see e.g., Ayazi v. United Fed'n of Teachers, Local 2*, 2011 WL 4753519, at *13 (E.D.N.Y. Oct. 7, 2011) (declining to consider deposition testimony on summary judgment where moving defendant "was

6

never afforded an opportunity to examine" the witness.).  A party had a "similar motive" if it had a "substantially similar degree of interest in prevailing on that issue" at the two proceedings.  *U.S. v. Whitman,* 555 Fed.Appx. 98, 103 (2d 2014) (citing *United States v. DiNapoli,* 8 F.3d 909, 912 (2d Cir.1993).

## Discussion

The plaintiff offered numerous documents in opposition to the summary judgment motion.  Other than the transcripts (Exhibits 2E and 3A) for which there is no objection to their authenticity, the exhibits described in the following table lack sufficient support to conclude they are what the plaintiff claims they are, and therefore they are not admissible.  In addition, the plaintiff failed to establish that an exception to the rule against hearsay applies for any of the exhibits described in the following table.  For these reasons, the objection to the admissibility of these exhibits will be sustained.

| EXHIBITS FOR WHICH OBJECTIONS ARE SUSTAINED | | | |
|---|---|---|---|
| **AP-ECF Numbers** | **Exhibit** | **Document** | **Basis to Sustain Objection** |
| 212-2, p. 101-103 | Ex. 1B | Credit Application | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2. p. 104-110 | Ex. 1C | Ambulance Records | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 131-138 | Ex. 1G | Insurance Records | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 193-195 | Ex. 2D | Coversheet/Form | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 211-2, p. 220-228 | Ex. 2E | Transcript | Fed. R. Evid. 802 |
| 211-2, p. 229-249 | Ex. 3A | Transcript | Fed. R. Evid. 802 |
| 212-2, p. 196-197 | Ex. 3B | Check | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 212-2, p. 198-199 | Ex. 3C | Check | Fed. R. Evid. 802 and Fed. R. Evid. 901 |
| 211-2, p. 357-359 | Ex. 15A | Sales Tax Cert. | Fed. R. Evid. 802 and Fed. R. Evid. 901 |

The court notes plaintiff's counsel filed an affidavit he signed (the "Affidavit") purporting to authenticate the disputed exhibits.  AP-ECF No. 211-2, p. 101-108.  Only Exhibit 1D—Saint Mary's Hospital Records, was supported by a certification by a "custodian" or "qualified witness" under penalty of perjury.  The disputed exhibits were not supported by a similar certification.

While the Affidavit claims Exhibit 1B— Credit Application, is a "true and accurate copy of a Car Purchase Application, dated 02/23/12, produced to me by BCI Financial," the court notes the document itself does not indicate the purpose for which it was completed, no vehicle is mentioned, nor does "BCI Financial" appear on the document. AP-ECF No. 211-2, p. 102, ¶ 5.  The court concludes Exhibit 1B is inadmissible because the authentication effort fails and, as a secondary reason, there is no applicable hearsay exception that applies.

Regarding Exhibit 1C—Ambulance Records, the Affidavit claims it is a "true and accurate copies of documents produced to me by Wolcott Volunteer Ambulance Association, dated 09/12/14, in response to a Subpoena I issued in a companion adversary proceeding (16-03033), as counsel to CADLE."  AP-ECF No. 211-2, p. 102, ¶ 6.  Unlike Exhibit 1D (hospital records), this exhibit lacks a similar certification authenticating the document and, as a secondary matter, no hearsay exception applies.

Regarding Exhibit 1G—Insurance Records, the Affidavit claims the document comprises "true and accurate copies of insurance records for Classic Car Restoration and/or the DEBTOR produced to me by CDR Insurance Group, Inc. (through Rick Anthony Rice) in response to Subpoena for Rule 2004 Examination I issued in the main bankruptcy case (15-30458), as counsel to CADLE." AP-ECF No. 211-2, p. 103, ¶ 10.  However, there is no certification by the producing party which might authenticate the document.  Further, accepting in *arguendo* that the document satisfied the authentication requirement, it fails under hearsay because Rule 803(6) requires such business records to be substantiated by the testimony of a "custodian" or "qualified witness," or by a formal certification by the record's custodian.  Here, plaintiff filed no such certification, and the only Affidavit fails to authenticate Exhibit 1G.

8

Regarding Exhibit 2D— Coversheet/Form, the Affidavit claims it is a "true and accurate copy of a Bond Application signed by MARY ANN produced to me by CDR Insurance Group, Inc. (through Rick Anthony Rice) in response to Subpoena for Rule 2004 Examination I issued in the main bankruptcy case (15-30458), as counsel to CADLE. AP-ECF No. 211-2, p. 104, ¶ 15. However, the document cannot be authenticated due to the lack of a certification and, as a secondary matter, no hearsay exception applies.

Regarding Exhibits 2E and 3A—Transcripts, the Affidavit claims two transcripts are "true and accurate excerpts of a sworn deposition I conducted of Anthony Rick Rice on 12/13/16 in the main bankruptcy case (15-30458), as counsel to CADLE" and " true and accurate excerpts of a sworn deposition I conducted of Michael Anderson on 07/15/16 the main bankruptcy case (15-30458), as counsel to CADLE." AP-ECF No. 211-2, p. 104, ¶ 16-17. While there is no challenge to the authenticity of the transcripts, both exhibits fail under the rule against hearsay. The transcript excerpts are from Bankruptcy Rule 2004 examinations in the underlying Chapter 7 case here, which took place prior to the commencement of this adversary proceeding. *See*, *GEICO*, 2016 WL 74390 at *6 (finding that testimony from a different lawsuit was inadmissible hearsay because plaintiff, not being a party to that different lawsuit, had not had an opportunity to examine the witness when that former testimony was provided). It cannot be said Mary Ann had a similar motive to elicit testimony at the Rule 2004 Examinations as she would have had in depositions in this case, since both Rule 2004 Examinations predated the filing of the complaint that named her as a defendant.

While the declarant in Exhibit 3A, Michael Anderson, is unavailable due to his death, the transcript is nonetheless inadmissible because, as noted, Mary Ann had

9

neither opportunity nor motive to develop Michael Anderson's testimony.  As to Exhibit 2E, the declarant, Anthony Rick Rice, is available making Fed. R. Evid. 804 inapplicable.  No other exception to the rule against hearsay applies.

Regarding Exhibit 3B—Check, the Affidavit claims it is a "true and accurate copy of a check from UTICA National Insurance Group, dated 02/10/10, produced to me by Wells Fargo Bank, N.A., in response to a subpoena I issued in a companion adversary proceeding (16-03033), as counsel to CADLE."  AP-ECF No. 211-2, p. 104, ¶ 18.  This document cannot be authenticated on the current record because it lacks any certification from UTICA National Insurance Group and, as a secondary matter, no hearsay exception applies.

Regarding Exhibit 3C— Check, the Affidavit claims it is a "true and accurate copy of a check from QBE, dated 02/10/10, produced to me by Wells Fargo Bank, N.A., in response to a subpoena I issued in a companion adversary proceeding (16-03033), as counsel to CADLE." AP-ECF No. 211-2, p. 104, ¶ 19.  However, there is no supporting certification from Wells Fargo authenticating the document.  Further, the record is devoid of information showing that Wells Fargo produced the check to the plaintiff.  Therefore, plaintiff's effort to authenticate the document fails and, as a secondary matter, no hearsay exception applies.

Regarding Exhibit 15A—Sales Tax Cert., the Affidavit claims it is a "true and accurate copies of business records produced to me by Copart of Connecticut, Inc. a/k/a Copart in response to a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding) I issued in this case, as counsel to the TRUSTEE." AP-ECF No. 211-2, p. 105, ¶ 24.  However, the document was not authenticated because an affidavit in

support was not filed from someone through whom the exhibit could be admitted into evidence.  Even if the court were to find that the document was authentic, the document fails to overcome the hearsay hurdle because Rule 803(6) requires that such records be substantiated by testimony of a "custodian" or "qualified witness," or by a formal certification by the record's custodian.  Here, the exhibit was not substantiated by testimony or certification.

The only opposed exhibit that survives both authenticity and hearsay challenges is Exhibit 1D—Saint Mary's Hospital Records, filed as AP-ECF No. 212-2, p. 111-124, which is admissible for the limited purpose of demonstrating what representations were made and not for the truth of the matter.

Accordingly, for these reasons, it is hereby

**ORDERED:** Defendant Mary Ann Anderson's objection, AP-ECF No. 217, is SUSTAINED in part, as to Exhibits: 1B, 1C, 1G, 2D, 2E, 3A, 3B, 3C, 15A, and they will not be considered at the summary judgment stage; it is further

**ORDERED:** Defendant Mary Ann Anderson's objection, AP-ECF No. 217, is OVERRULED in part as to Exhibit: 1D; and it is further

**ORDERED:**  Exhibits: 2C, 3D, and 3E, will not be considered for purposes of the summary judgment motion because they were withdrawn by plaintiff.

Dated this 19th day of April, 2022, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut